**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JENS ERIK SORENSEN, as Trustee of
SORENSEN RESEARCH AND DEVELOPMENT
TRUST,

         Plaintiff,

   v.

AMPRO TOOLS CORPORATION,

         Defendant.
_____/

No.  08-00096 CW

ORDER GRANTING MOTION
TO SET ASIDE DEFAULT

    On October 28, 2008, Defendant AmPro Tools Corporation
(AmPro) filed a motion for leave to file responsive pleadings under
Civil Local Rule 6-3.[1]  Plaintiff Jens Erik Sorensen (Sorensen)
opposes the motion and moves to strike AmPro's reply to Sorensen's
opposition.  The Court has taken the matter under submission.
Having considered the papers submitted and the applicable law, the
Court grants AmPro's motion to set aside the default and denies
Sorensen's motion to strike.

BACKGROUND

    On January 7, 2008, Sorensen, acting as trustee for the
Sorensen Research and Development Trust (the Trust), filed a
complaint for patent infringement against AmPro.  In the complaint,

---

    [1] Civil Local Rule 6-3 provides requirements for filing
motions to change time.  <u>See</u> Civ. L. R. 6-3.  AmPro may not file a
motion to change time because the court clerk entered default
against AmPro on March 26, 2008.  Because AmPro ultimately seeks
relief from default, however, the Court will treat AmPro's motion
as a motion to set aside the default.  <u>See</u> Fed. R. Civ. P. 55(c).

Sorensen alleges that AmPro infringed U.S. Patent No. 4,935,184 ('184 patent), and that the Trust suffered damages as a result.

AmPro failed timely to respond to the complaint.  On March 26, 2008, at Sorensen's request, the clerk entered default against AmPro.  On April 7, 2008, the case was referred to the Honorable Wayne D. Brazil for a report and recommendation regarding default judgment.

On October 28, 2008, AmPro filed the instant motion seeking leave to file responsive pleadings.  As noted, the Court construes this motion as a motion to set aside the default under Federal Rule of Civil Procedure 55(c).  On November 3, 2008, Judge Brazil issued an order deferring his report and recommendation pending the resolution of this motion.  On January 5, 2009, Sorensen filed a motion to strike AmPro's reply to Sorensen's opposition.

LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) provides that a court "may set aside an entry of default for good cause."  The district court has discretion to determine whether a party demonstrates "good cause."  Madsen v. Bumb, 419 F.2d 4, 6 (9th Cir. 1969).  The court's discretion is particularly broad where a party seeks to set aside an entry of default rather than a default judgment.  Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945 (9th Cir. 1985).

In evaluating whether a party has demonstrated good cause, a district court may consider the following factors: (1) the

2

possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Default judgments are "ordinarily disfavored" because "[c]ases should be decided upon their merits whenever reasonably possible."  Id. at 1472.  Thus, whenever "timely relief is sought . . . and the movant has a meritorious defense," a court must resolve any doubt in favor of setting aside the default.  Mendoza, 783 F.2d at 945-46.

DISCUSSION

A.    Motion to Set Aside the Default

In the present case, two of the Eitel factors weigh in Sorensen's favor.  First, AmPro has made no showing of excusable neglect.  AmPro concedes that it failed timely to respond to the complaint, but it offers no explanation for this failure.  Sorensen contends that AmPro's failure to respond amounts to bad faith misconduct which, in and of itself, warrants the entry of default judgment.  The Court finds little support in the record for this argument.  Nevertheless, it is clear that AmPro has not demonstrated excusable neglect.

3

United States District Court

For the Northern District of California

Second, the amount in controversy is $32,000.  <u>See</u> Docket No. 25 at 9-10.  This relatively small figure is an amount which, under certain circumstances, could be appropriate for disposition through default judgment.  <u>See</u>, <u>e.g.</u>, <u>Eitel</u>, 782 F.2d at 1472 (holding that district court did not abuse its discretion in setting aside default where plaintiff sought $3,000,000 in damages).

The remainder of the <u>Eitel</u> factors, however, weigh in favor of setting aside the default.  For one, Sorensen will suffer no prejudice from litigating this case.  Sorensen has made no showing, for example, that moving forward with the lawsuit would result in undue expense, or that his ability to litigate the case has been hindered by the passage of time.

Second, AmPro has identified at least one dispute of material fact.  In its reply, AmPro contends that Sorensen misrepresented certain facts underlying Sorensen's calculation of damages.  To the extent AmPro calls into question the factual basis underlying Sorensen's theory of damages, these disputed facts are critical to the resolution of the case and are therefore material.

Third, AmPro has raised questions regarding the merits of Sorensen's case.  AmPro makes the following arguments: that (1) the U.S. Patent and Trademark Office has found certain claims of the '184 patent to be invalid; (2) Sorensen cannot prove his theory of damages; (3) AmPro is an improper defendant; and (4) Sorensen's "presumption of infringement" theory of liability lacks merit.  The

4

Court passes no judgment on the merits of these arguments, other than to note that AmPro appears to possess colorable defenses.

In sum, the Court finds that default judgment is not appropriate in this case. Although AmPro waited several months after the entry of default to seek relief, it filed the instant motion prior to the entry of default judgment, and was therefore "timely" under the liberal standard for granting relief from default. See Mendoza, 783 F.2d at 945-46. Moreover, as noted, AmPro has set forth several colorable defenses. Accordingly, in light of the strong policy against default judgments, and resolving all doubt in AmPro's favor, see id., the Court concludes that AmPro should be permitted to respond to the complaint.

B.    Motion to Strike

Sorensen moves to strike AmPro's reply on the grounds that: (1) the reply exceeds the scope of AmPro's opening brief; (2) the reply fails to respond to Sorensen's opposition; and (3) the reply contains irrelevant facts and arguments.

The Court does not agree. As illustrated by the preceding discussion, the facts and arguments contained in AmPro's reply bear directly on Sorensen's Rule 55(c) arguments. The reply is therefore responsive and relevant. In addition, the reply does not improperly exceed the scope of the opening brief. Although the reply brief contains a larger number of pages than the original motion, as noted, the material in the reply brief was a reasonable

United States District Court

For the Northern District of California

response to the points made in Sorensen's opposition.  See Am.
Civil Liberties Union of Nev. v. City of Las Vegas, 333 F.3d 1092,
1106 n.14 (9th Cir. 2003).  Accordingly, the Court will not strike
AmPro's reply.

CONCLUSION

For the foregoing reasons, the Court hereby GRANTS AmPro's
motion to set aside the default (Docket No. 33) and DENIES
Sorensen's motion to strike (Docket No. 48).  The reference to
Judge Brazil of the motion for default judgment is withdrawn.
Sorensen indicates that he wishes to file an amended complaint.
Because AmPro has not yet responded to the complaint, Sorensen may
file an amended complaint as of right.  If he wishes to file an
amended complaint, he shall do so on or before January 9, 2009, and
serve it as soon as possible on any new defendants.  AmPro shall
file its responsive pleading on January 15, 2009.  If AmPro files a
motion to dismiss, it shall be noticed to be heard on February 19,
2009 at 2 p.m. along with the Case Management Conference.


IT IS SO ORDERED.

1/6/09

Dated:_____     _____

CLAUDIA WILKEN
United States District Judge